**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUNYU HU, | No. 11-70125 |
| Petitioner, | Agency No. A088-112-410 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before: LEAVY, THOMAS, and MURGUIA Circuit Judges.

Chunyu Hu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on an omission from his written application of any mention that police were looking for him at his home, and on the IJ's negative assessment of Hu's demeanor. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omission cast doubt on petitioner's credibility); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("special deference" given to credibility determinations based on demeanor). Accordingly, in the absence of credible testimony, Hu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Hu's CAT claim is based on the same testimony found not credible and he does not point to any evidence that shows it is more likely than not he will face torture if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**